**ZENO B. BAUCUS**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Avenue North, Suite 3200**
**Billings, Montana 59101**
**Phone: (406) 657-6101**
**FAX: (406) 657-6989**
**Email:   zeno.baucus@usdoj.gov**


**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 18-11-BLG-SPW** |
| **Plaintiff,** | |
| **vs.** | **OFFER OF PROOF** |
| **DANIELLE DEE KNOBLAUCH,** | |
| **Defendant.** | |

The defendant, Danielle Dee Knoblauch, has filed a motion to change her plea to guilty to Count I of the Indictment, charging her with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846.   The offense carries a mandatory minimum term of imprisonment of five years, a maximum term of 40 years, a $5,000,000 fine, at least four years of supervised release, and a $100 special assessment.

The United States presented all formal plea offers to the defendant in writing. The plea agreement entered into by the parties and filed with the court represents, in the government's view, the final and the most favorable offer extended to the defendant. *See Missouri v. Frye,* 566 U.S. 134, 145-46 (2012).

*Elements.*   In order to prove the case against the defendant at trial, the United States would have to prove the following elements beyond a reasonable doubt:

> First, there was an agreement between two or more persons to distribute methamphetamine and
>
> Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

The defendant also acknowledges that it was within the scope of the defendant's agreement with her co-conspirators, or was otherwise reasonably foreseeable to the defendant, that the conspiracy would involve at least five grams of actual methamphetamine.

*Proof.*   If called upon to prove this case at trial, and to provide a factual basis for the defendant's plea, the United States would present, by way of witnesses and documentary evidence, the following:

1.    At roughly 10:40 a.m. on December 17, 2015, law enforcement was called to the Super 8 Motel in Columbus, Montana due to smoke alarm

activity in one of the rooms.   Upon arrival, law enforcement made contact with the occupants of the room, the defendant and her co-defendant Menard.   The two individuals provided consent for law enforcement to search their room after law enforcement became suspicious as to drug activity.

2.   During the search of their room, law enforcement discovered methamphetamine, marijuana, pills, and a large amount of cash.   Also discovered were papers that were consistent with drug ledgers. Ultimately discovered on mobile telephones in the possession of the defendant would be text messages indicating drug transactions and pictures of the defendant with narcotics.

3.   The defendant and Menard were interviewed.   They stated that they were traveling to Las Vegas from Williston, ND and had stopped in Columbus that morning to rest.   The defendant stated the drugs discovered in the room belonged to her.

4.   Law enforcement asked for and received consent to search their vehicle.   During the search, law enforcement discovered a pistol in the driver's side door panel.    A check of the serial number revealed that the firearm was stolen.   Law enforcement also discovered what

appeared to be cocaine in a plastic baggy within an eyeglass case in the center console.   Also discovered was apparent methamphetamine on the passenger seat floor.

5.    The defendant would claim possession of the drugs found in car and told law enforcement that she had forgot about it when asked. Menard said that he had purchased the firearm from a woman named "Peggy."

6.    On March 7, 2016, law enforcement interviewed the defendant and Menard.   The defendant stated she had been involved in selling methamphetamine in the Bakken area.   Menard stated that he met the defendant in September 2015.   Menard stated that he asked the defendant if she wanted to work for him and offered to protect her. Menard stated that the defendant left with her and they have been partners ever since.   He stated that the defendant continued to get methamphetamine from the same sources and Menard accompanied her as a bodyguard.

7.    On November 30, 2017, the suspected methamphetamine collected from the defendant and Menard on December 17, 2015, was analyzed. It was found to contain a total of approximately 17.4 grams of pure methamphetamine.

DATED this 10th day of July, 2018.

KURT G. ALME
United States Attorney

*/s/ Zeno B. Baucus*
ZENO B. BAUCUS
Assistant United States Attorney